IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE EDWIN STOKES, JR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:22-cv-02681-JMG |
| | : | |
| ERIC CAMPBELL, | : | |
| ASHLEIGH KILNER, | : | |
| JUAN BARRIOS, | : | |
| SCOTT ACHEY, | : | |
| THOMAS DIMAGGIO, | : | |
| DERRICK CARGILL, | : | |
| STEVEN POTYNSKI, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                         August 29, 2023

*Pro se* Plaintiff George Edwin Stokes, Jr., brings Section 1983 claims against several Defendants, officers of the Pennsylvania State Police, due to Plaintiff's allegations Defendants used excessive force and falsely imprisoned Plaintiff during and following an arrest. Six Defendants—Trooper Erik Campbell (captioned "Eric Campbell"), Corporal Ashleigh Kilner, Corporal Juan Barrios, Corporal Thomas DiMaggio, Corporal Derrick Cargill, and Trooper Steven Potynski (collectively, "Commonwealth Defendants") jointly move to dismiss Plaintiff's Complaint. Commonwealth Defendants contend Plaintiff's official capacity claims against them are barred by the Eleventh Amendment and are also insufficient under Section 1983. Also before the Court is Plaintiff's Motion to Appoint Counsel. For the following reasons, Commonwealth Defendants' Motion to Dismiss is granted, and Plaintiff's Motion to Appoint Counsel is denied.

I.     FACTUAL BACKGROUND

*Pro se* Plaintiff George Stokes, Jr., a prisoner incarcerated at SCI-Campbell, filed a complaint pursuant to 42 USC §1983, on July 5, 2022.  *See* Compl., ECF No. 2.  Plaintiff named as Defendants seven agents of the Pennsylvania State Police—Trooper Erik Campbell (captioned "Eric Campbell"), Corporal Ashleigh Kilner, Corporal Juan Barrios, Corporal Thomas DiMaggio, Corporal Derrick Cargill, Steven Potynski, and Scott Achey. *Id.* at 2-3.  In sum, Plaintiff alleges Defendants used excessive force first while placing Plaintiff under arrest, putting him in an ambulance, and taking him to the hospital; and, later, while restraining him upon his attempt to leave the hospital.  *See id.* at 6-7.

More specifically, in his Complaint, Plaintiff describes his stay at a hotel with his girlfriend. *Id.* at 6.  Plaintiff alleges him and his girlfriend began experiencing a medical issue, so Plaintiff requested the front desk call an ambulance for them to receive medical attention. *Id.*  Plaintiff then alleges three Pennsylvania State Police officers—Defendants Campbell, Kilner, and Barrios—arrived at the hotel instead of an ambulance. *Id.* at 7.

At that point, Plaintiff alleges the officers questioned Plaintiff about a statement he made to another hotel patron about the prevalence of robberies at the hotel. *Id.*  Plaintiff asked the officers if he was being placed under arrest, and the officers responded, "No." *Id.*  But Plaintiff alleges the officers then surrounded him and more officers arrived. *Id.*  The officers "t[ook] [Plaintiff] face first on pavement[,]" bruising his face and left shoulder. *Id.*  Plaintiff then alleges a total of nine police officers took turns tasering him until an ambulance arrived. *Id.*  Then the officers injected Plaintiff with ketamine, handcuffed him, put him on a stretcher, and transported him to Muhlenberg Hospital. *Id.*

At the hospital, Plaintiff alleges a nurse told him that he was free to leave if he so desired. *Id.*  As he prepared to leave, Pennsylvania State Police Officers—Defendants Achey, Dimaggio,

Potynski, and Cargill—tasered him and handcuffed him to a bed.  *Id.*  Soon thereafter, officers brought Plaintiff to the Lehigh County Prison and charged him with assault.  *Id.*

As a result of these events, Plaintiff brings claims under Section 1983 and alleges Defendants violated his Fourth Amendment rights. *Id.* at 3.  More specifically, he alleges Defendants violated his Fourth Amendment rights through the use of excessive force and false imprisonment.  *Id.* at 6-7.  In the Compliant, Plaintiff explicitly provided that Defendants Campbell, Kilner, Barrios, and Achey are sued in their official capacity. *Id.* at 2-3.  And for the remaining Defendants, Plaintiff handwrote Defendants' names on an attached sheet of paper and provided the claims are against Defendants in their official capacity. *Id.* at 4.

On November 1, 2022, Erik Campbell, Ashleigh Kilner, Juan Barrios, Thomas DiMaggio, Derrick Cargill, and Steven Potynski (collectively, "Commonwealth Defendants") jointly moved to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See generally* ECF No. 11.  Commonwealth Defendants contend the Eleventh Amendment bars Plaintiff's suit against them in their official capacities. *Id.* at 5.  And Commonwealth Defendants further submit Plaintiff's claims fail because "the Commonwealth Defendants, acting in their official capacities, are not 'persons' amenable to suit under [Section] 1983." *Id.*  Plaintiff did not oppose the Commonwealth Defendants' Motion to Dismiss.

On November 14, 2022, Plaintiff moved for the appointment of legal counsel to assist him with legal representation in the present matter. *See generally* ECF No. 12.  In support of his motion, Plaintiff contends he seeks legal representation because he does not have access to case law, he is unfamiliar with the law and filing motions, and it would be in the interest of justice for him to be represented by counsel. *Id.* at 1.  The Commonwealth Defendants have not opposed Plaintiff's motion for the appointment of counsel.

## II. LEGAL STANDARDS

### a. *Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)*

Under the Federal Rules of Civil Procedure, a complaint will be dismissed upon a motion if it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To withstand a challenge at the motion-to-dismiss stage, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Moreover, though "the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.,* 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). Put simply, a plaintiff shall make "some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 234-35 (3d Cir. 2008).

In the Third Circuit, a court will deploy a three-step analysis on a motion to dismiss. First, a court will identify "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (internal quotation marks and citations omitted). Then, the court will "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Lastly, a court assumes the veracity of well-pleaded factual allegations, "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

For purposes of this analysis, this Court will "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77 at 84 (3d Cir. 2011).

b. *Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)*

Under the Rules of Civil Procedure, a complaint will be dismissed upon a motion if the district court does not have subject-matter jurisdiction to hear a complaint. FED. R. CIV. P. 12(b)(1). To withstand a facial attack, as a subject matter jurisdiction challenge under Federal Rule 12(b)(1) is sometimes considered, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."[1] In other words, ". . . a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Const. Party*, 757 F.3d at 358 (3d Cir. 2014) (citing *In re Schering*, 678 F.3d at 243).

c. *Motion to Appoint Counsel*

In the Third Circuit, motions for appointed counsel go through a two-step inquiry. *Houser v. Folino,* 927 F.3d 693, 697 (3d Cir. 2019); *see also Parham v. Johnson,* 126 F.3d 454, 457 (3d Cir. 1997). First, a court "determines whether the litigant's case has arguable merit." *United States v. Gibbs,* 787 Fed. Appx. 71, 72 (3d Cir. 2019). Then, if that threshold is met, "the court then considers a non-exhaustive list of several additional factors." *Id.* Federal courts have found that "counsel should be appointed where an indigent Plaintiff with a potentially meritorious claim is not fully able to prosecute his or her own case in light of the overall complexity of the case."

---

[1] *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (internal quotations omitted)). "In sum, a **facial** attack 'contests the sufficiency of the pleadings,' whereas a **factual** attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *Id.* (emphasis added). The Commonwealth Defendants' Motion to Dismiss in this case is a facial attack because Defendants contend, based on the pleadings, the Court does not have subject matter jurisdiction over Plaintiff's allegations.

*Shifflett v. Korsznick,* 934 F.3d 357, 357 (3d Cir. 2019) (citing *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993)).

## III. DISCUSSION

### a. *Commonwealth Defendants' Motion to Dismiss*

The Court first turns to the Commonwealth Defendants' Motion to Dismiss. Plaintiff did not oppose Defendants' Motion to Dismiss, but nevertheless, the Court will address the merits of the Commonwealth Defendants' Motion to Dismiss.[2]

Plaintiff brings claims under Section 1983 against the Commonwealth Defendants in their official capacity as Pennsylvania State Police officials. Plaintiff alleges the Commonwealth Defendants deprived him of his rights under the Fourth Amendment through false imprisonment and the use of excessive force during and following Plaintiff's arrest. ECF No. 2 at 6-7. Defendants contend Plaintiff's claims should be dismissed because (1) the Eleventh Amendment bars Plaintiff's suit against them in their official capacities, ECF No. 12. at 5, and (2) Plaintiff's

---

[2] "Where a party has failed to timely respond to a motion to dismiss within 14 days, the Court is authorized to grant the motion as uncontested under the local rules." *Miller v. Goggin*, No. CV 22-3329-KSM, 2023 WL 3259468, at *3 (E.D. Pa. May 4, 2023) (citing Loc. R. Civ. P. 7.1(c) ("Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except as provided under Fed.R.Civ.P 56.") (additional internal citation omitted)). Nevertheless, "it is preferred that a district court undertake a merits analysis of the complaint, even if a plaintiff has failed to respond to a motion to dismiss." *Id.* (citing *Gary v. Pa. Human Relations Comm'n*, 497 F. App'x 223, 226 (3d Cir. 2012) ("[M]otions to dismiss should not be granted without an analysis of the merits of the underlying complaint, notwithstanding local rules regarding the granting of unopposed motions."); *Stackhouse v. Mazurkiewicz,*, 951 F.2d 29, 30 ("[T]his action should not have been dismissed solely on the basis of the local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Fed.R.Civ.P. 12(b)(6).")). Accordingly, the Court considers the merits of Plaintiff's Complaint as it concerns the Commonwealth Defendants.

claims fail because "the Commonwealth Defendants, acting in their official capacities, are not 'persons' amenable to suit under [Section] 1983[,]" *id.* The Court agrees.

First, Defendants contend Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff's Section 1983 claims against Defendants, Pennsylvania State Police officials, are barred by the Eleventh Amendment. *See* ECF No. 11 at 5 ("The assertion of immunity under the Eleventh Amendment challenges the court's subject matter jurisdiction, and thus is properly raised under Rule 12(b)(1).") (citing *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996)). "It is well established that lawsuits seeking retrospective relief by private persons against a state, state officials, and state entities are generally prohibited." *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309 (3d Cir. 2020) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)). More specifically, "[t]he Eleventh Amendment of the United States Constitution bars claims under Section 1983 against state actors unless the state has waived its sovereign immunity." *Whaley v. Schiliro*, 644 F. App'x 185, 188 (3d Cir. 2016).

Here, Plaintiff brings claims against Commonwealth Defendants in their official capacities as officers of the Pennsylvania State Police, "a state agency that [has] not waive[d] its sovereign immunity." *Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (citing 71 Pa. Stat. §§ 61, 732-203; *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009)); *see also Allen v. N.J. State Police*, 974 F.3d 497, 506 (3d Cir. 2020) (finding a state police department is "deeply integrated into the government and governmental functions" and thus is entitled to immunity under the Eleventh Amendment) (internal citations omitted). So, because Plaintiff sued Commonwealth Defendants in their official capacities, Defendants are immune from suit under the Eleventh Amendment. *See Atkin*, 432 F. App'x at 48 (citing *Will v. Michigan Dep't of State Police*, 491 U.S.


58, 71 (1989)). Moreover, "[a]lthough Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of [Section] 1983, the federal law under which [Plaintiff] proceeds." *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).

Next, Defendants also move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) because, "as a matter of statutory interpretation, Plaintiff's claims fail because Commonwealth Defendants, acting in their official capacities are not 'persons' amenable to suit under [Section] 1983." ECF No. 11 at 5. The U.S. Supreme Court has found that a state actor, sued in their official capacity, is not a "person" as defined by Section 1983. *Will*, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under [Section] 1983."); s*ee also Hill v. City of Phila.,* Civil No. 05-6574, 2008 U.S. Dist. LEXIS 50613 *1, *10-11 (E.D. Pa. June 30, 2008) ("The Supreme Court has held that official capacity suits cannot be maintained against state officers acting in their official capacity on behalf of the state.") (internal citations omitted). Here, Plaintiff alleges claims against Commonwealth Defendants in their official capacity as Pennsylvania State Police officers—in his Complaint, Plaintiff explicitly provided his claims against Commonwealth Defendants are brought against them in their "official capacity." ECF No. 2 at 2-4. Thus Plaintiff does not state a claim upon which relief can be granted, because he does not allege claims against any "person" as defined by Section 1983.[3]

Therefore, the Commonwealth Defendant's Motion to Dismiss is granted because Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh

---

[3] The Court notes, on the other hand, the Supreme Court has found "state officials, sued in their **individual capacities**, are 'persons' for purposes of [Section] 1983" and thus "[t]he Eleventh Amendment does not bar such suits." *Hafer v. Melo*, 502 U.S. 21, 31 (1991) (emphasis added).

Amendment and do not properly plead a claim under Section 1983. Accordingly, Plaintiff's claims as against the Commonwealth Defendants in their official capacities are dismissed with prejudice.[4]

### b. *Plaintiff's Motion to Appoint Counsel*

On November 14, 2022, Plaintiff moved for the appointment of legal counsel to assist him with legal representation in the present matter. *See generally* ECF No. 12. "The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants." *Parham*, 126 F.3d at 456 (internal citations omitted). "Additionally, civil litigants do not even have a statutory right to appointed counsel." *Id.* (citing *Tabron*, 6 F.3d at 153). Nevertheless, "section 1915(e)(1) provides that '[t]he court may request an attorney to represent any person unable to employ counsel.'" *Id*.

Here, the Court denies Plaintiff's Motion to Appoint Counsel due to the merit of Plaintiff's underlying claims. In the Third Circuit, district courts go through a two-step inquiry concerning motions for appointed counsel. *Houser,* 927 F.3d at 697; *see also Parham,* 126 F.3d at 457. First, a court "determines whether the litigant's case has arguable merit." *United States v. Gibbs,* 787 Fed. Appx. 71 at 72 (3d Cir. 2019). Then, if that threshold is met, "the court then considers a non-exhaustive list of several additional factors." *Id.* Concerning step one, the merit of plaintiff's claims, "counsel should be appointed where an indigent [p]laintiff with a potentially meritorious claim is not fully able to prosecute his or her own case in light of the overall complexity of the case." *Shifflett,* 934 F.3d at 357 (citing *Tabron*, 6 F.3d at 155-56).

---

[4] Here, any amendment to Plaintiff's Complaint would be futile because Plaintiff's claims are barred by the Eleventh Amendment. *See Atkin v. Johnson*, No. CV 09-3982, 2010 WL 11537499, at *5 n. 5 (E.D. Pa. Aug. 17, 2010), *aff'd*, 432 F. App'x 47 (3d Cir. 2011) (dismissing a plaintiff's official capacity claims under Section 1983 with prejudice) (and citing *Lattaker v. Rendell*, 269 Fed.Appx. 230, 233 n.1 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)) (finding that an amendment would be futile because the plaintiff's claims were barred by the Eleventh Amendment)).

Nevertheless, federal courts have denied motions to appoint counsel in civil cases where courts have granted motions to dismiss. *See Barnett v. DOL*, No. 19-1171, 2020 U.S. App. LEXIS 3345 at *1-2 (D.C. Cir. Feb. 4, 2020) (denying motion to appoint counsel in civil case where court granted motion to dismiss); *Brett v. Sampson*, No. 15-3711, 2015 U.S. Dist. LEXIS 126335 at *16 (E.D. Pa. Sept. 21, 2015) (denying civil plaintiff's request for appointment of counsel because "the court has already determined that this case . . . fails to state a claim upon which relief may be granted."). Here, the Court has found Plaintiff has not demonstrated a sufficient likelihood of success on the merits because Plaintiff's official capacity claims against Defendants are barred by the Eleventh Amendment and do not state a claim for relief under Section 1983. *See supra* pgs. 6-8. Because Plaintiff does not satisfy the initial merit inquiry, the Court will not consider subsequent factors. *See United States v. Gibbs*, 787 F. App'x 71, 72 (3d Cir. 2019) (finding district courts shall consider additional factors beyond the initial factor of the litigant's case only "if that [merit] threshold is met") (internal citations and quotations omitted). Accordingly, Plaintiff's Motion to Appoint Counsel is denied.

### IV. CONCLUSION

For the foregoing reasons, the Commonwealth Defendants' Motion to Dismiss (ECF No. 11) is **GRANTED**. Plaintiff's claims as against the Commonwealth Defendants in their official capacities are dismissed with prejudice.

And Plaintiff's Motion to Appoint Counsel (ECF No. 12) is **DENIED**.

An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge